People v Harris (2025 NY Slip Op 02018)

People v Harris

2025 NY Slip Op 02018

Decided on April 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 03, 2025

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Pitt-Burke, Michael, JJ. 

Ind No. 72122/23|Appeal No. 4040|Case No. 2023-05110|

[*1]The People of the State of New York, Respondent,
v
Tyrell Harris, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Carola M. Beeney of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Brian Witthuhn of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Jeffrey M. Zimmerman, J.), rendered September 21, 2023, convicting defendant, upon his plea of guilty, of criminal possession of a firearm, and sentencing him to a term of 1&frac13; to 4 years, to run concurrently with a New Jersey sentence, unanimously affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 559-560 [2019], cert denied 589 US __, 140 S Ct 2634 [2020]), which forecloses review of his Second Amendment claim (see People v Johnson, 225 AD3d 453, 453-454 [1st Dept 2024], lv granted 42 NY3d 939 [2024]). In any event, defendant did not preserve his claim that he would have been required to apply for a gun license while the "proper cause" requirement of New York's gun licensing scheme was in effect, and that he would have obtained a gun license in New York but for that requirement. He also did not preserve his claim that other requirements of the state's gun licensing scheme were unconstitutional (see People v Cabrera, 41 NY3d 35, 42 [2023]).
As an alternative holding, we find that because defendant failed to attempt to obtain a New York gun license, he has not demonstrated that he has standing to challenge New York's gun licensing scheme (see Johnson, 225 AD3d at 455), and that he has failed to establish that his conviction is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]).
Defendant's valid waiver of his right to appeal also forecloses review of his excessive sentence claim (see People v Kirlew, 231 AD3d 678, 679 [1st Dept 2024], lv denied 42 NY3d 1053 [2024]). As an alternative holding, we perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 3, 2025